16701. HILL *v.* SHERRILL, administrator.

It being provided in the note sued on that "this note is subject to credits of any amount which . . maker may expend for [the original payee], and is conditioned and not negotiable except to Mrs. M. F. Gachet," to whom the note was transferred by the payee, and whose adminis-

Bills and Notes, 8 C. J. p. 577, n. 29.

trator was suing thereon, the court erred in holding that the maker was not entitled to be credited with payments made by him for the original payee, in extinguishment of debts of the latter, after notice to the maker that the note had been transferred to Mrs. Gachet. Under the above-quoted provision of the note the transferee took it subject to the condition that it could be thus satisfied.

DECIDED APRIL 20, 1926. REHEARING DENIED MAY 15, 1926.

Complaint; from Troup superior court—Judge Roop. June 1, 1925.

*E. T. Moon, Watkins & Asbill, Little, Powell, Smith & Goldstein,* for plaintiff in error.

*L. L. Meadors, W. Howell Morrow,* contra.

JENKINS, P. J. The material portions of the instrument sued on are as follows: "On or before two years at option of maker and conditions stated, after date, I promise to pay to Harvey Collins or order four thousand nine hundred & 00/100 dollars, for value received, with interest from November 1, 1914, until paid, at 8% per annum, with all costs of collection, including 10% attorney's fee. . . This note is subject to credits of any amount which B. H. Hill maker may expend for H. Collins, and is conditioned and not negotiable except to Mrs. M. F. Gachet." A suit was instituted by the administrator of Mrs. Gachet for the entire amount mentioned in the instrument. Under the view of the law entertained by the trial court, a verdict for the plaintiff was sustained for the amount which had not been liquidated up to the time that the maker received notice of its assignment to Mrs. Gachet, although the evidence was uncontradicted that the maker had fully satisfied the terms of the instrument by subsequently discharging the debts owing by the payee in excess of the balance due on the instrument.

The meaning of the instrument, properly construed, is that the maker promises to pay $4900 to the payee (or to Mrs. Gachet if the instrument be assigned to her), or, if he saw proper, to the creditors of Collins in extinguishment of debts owing by him. In other words, the promise to the payee, as well as to the authorized assignee, was alike conditional and limited to such amount as the maker chose not to expend in extinguishment of the payee's debts. Not being an unconditional promise to pay either to the payee or to the authorized assignee, but each standing in the same position by reason of the provision written into the instrument it-

self, the provisions of section 3653 of the Civil Code (1910) do not have application, and payments not to the payee but in extinguishment of debts owing by him, as expressly authorized by the instrument sued on, should have been allowed as credits, even though such sums were expended after the maker had received notice of the transfer. This is true for the reason that the assignee took the instrument charged with the express provision that it could be thus satisfied, and the assignee took it according to its terms, and had no better status with respect to such privilege than the payee himself had.

*Judgment reversed. Stephens and Bell, JJ., concur.*